UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LINDA TALLIE                                                        PLAINTIFF

vs.                                                    Civil No. 1:25-cv-91-GHD-DAS

REHABILITATION CENTERS, LLC
d/b/a MILLCREEK,                                              DEFENDANT

## OPINION

Presently before the Court is Defendant Rehabilitation Centers, LLC's ("Defendant")
Motion to Dismiss [Doc. No. 12] seeking dismissal of Plaintiff Linda Tallie's ("Plaintiff")
wrongful termination claim. Upon due consideration, the Court finds Defendant's Motion [12]
should be denied for the reasons set forth in this opinion.

## I.    Background

Defendant Rehabilitation Centers, LLC, operates a facility "rendering care to disabled
persons with mental illnesses" called Millcreek in Tupelo, Mississippi, and it was at this facility
Plaintiff allegedly "observed a fellow employee, Sanita, severely abusing a patient [named Ashley]
by pulling [Ashley's] hair."[1] When Plaintiff inquired why she was doing this, Sanita purportedly
responded "Ashley had been acting out . . . and this was her method of handling Ashley." Plaintiff
acknowledges Ashley is a "most difficult patient," she also notes "it is not within the prerogative
of a worker to punish the patients." Plaintiff then later alleges she "observed bruises" on Ashley's
arms and "verbally reported" Sanita's actions to the director the facility, Felisia Cooper.

Apparently, Sanita suffered no consequences from Plaintiff's report, and Plaintiff allegedly
saw her "going frequently" into an office with Cooper. What is more, Plaintiff claims she was

---

[1] As required under Rule 12(b)(6) all background information comes from the Complaint [1] unless
otherwise noted.

"treated differently" after she reported Sanita, and "some of the employees were sympathetic to Sanita." Seeing no action taken against Sanita, Plaintiff reported Defendant to the Mississippi Department of Human Services in November 2024. Approximately one month later, on December 6, 2024, Plaintiff was terminated because "two anonymous employees" allegedly told Cooper Plaintiff had "struck Ashley." Plaintiff denies this allegation and claims this was a pretext to terminate her for the complaints about Sanita's conduct. This action followed.

## II.     Standard of Review.

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting

2

*Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### III.    *Analysis and Discussion*

Defendant argues Plaintiff's wrongful termination claim cannot survive Rule 12(b)(6) because it does not fall within one of the two public policy exceptions to the employment-at-will doctrine established in *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So.2d 603 (Miss. 1993).[2] Mississippi courts have long recognized at-will employment, and the "default rule is that employers may fire employees 'for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible.'" *Brandi's Hope Cmty. Serv., LLC v. Walters*, 391 So.3d 162, 166 (Miss. 2024) (quoting *McArn*, 626 So.2d at 606). The Mississippi Supreme Court, however, has established "two narrow public policy exceptions" to this default rule:

> (1) An employee who refuses to participate in an illegal act . . . [, and] (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer.

*Id.* (quoting *McArn*, 626 So.2d at 607). Plaintiff makes a claim under the second exception requiring she show: "(1) [she] was an employee of the defendant, (2) an illegal act by the employer, [and] (3) [she] was terminated because [she] reported the illegal act of the employer." *Id.* The first

---

[2] The Court notes at the outset the *Erie* doctrine applies in this diversity action; thus, the Court's determinations regarding the Plaintiff's state law claims are guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

element is uncontested; Defendant did employ Plaintiff. The parties, however, strongly contest elements two and three.

Beginning with element two, Plaintiff alleges Sanita, one of Defendant's employees, committed an "[a]ssault upon . . . a vulnerable adult," which "is a crime under Mississippi law," citing Miss. Code. Ann. §§ 43-47-10 and 97-3-7(1)(a). Defendant argues this "illegal act" had nothing "to do with the business itself," and "an employer cannot be held vicariously liable for its employee's actions unless it authorized or ratified [her] conduct, or if the actions were taken in the course and scope of the employee's employment" [13]. *Hall v. Georgia Gulf Chemicals & Vinyls, LLC*, 2010 WL 5333690 at *1-2 (S.D. Miss. Dec. 21, 2010); *McClinton v. Delta Pride Catfish, Inc.*, 792 So.2d 968, 976 (Miss. 2001). To support this, Defendant points to what Defendant calls a concession in Plaintiff's Complaint [2]; that is, "No matter how patients may be acting out, it is not within the prerogative of a worker to punish the patients, by assaulting them, such as pulling their hair." In saying such, Defendant argues Plaintiff concedes the alleged illegal conduct was not committed "in the course and scope of the employee's employment" and Defendant cannot therefore be held vicariously liable. *Id*. The Court is not of the opinion this is a concession, and these are questions better resolved at summary judgment when a fuller record is available. Therefore, Plaintiff plausibly pled the second element.

Turning to element three, Plaintiff alleges she was fired for reporting the alleged abusive behavior toward one of her patients. Further allegations support this conclusion. For example, Plaintiff was fired less than a month after she reported Defendant to the state authorities. What is more, two of Defendant's employees "anonymously" reported Plaintiff for the same behavior she had reported just a month prior, and this became the basis of her termination even when Sanita received no punishment for the same alleged behavior. This is enough to push Plaintiff's pleadings

4

past the plausible level necessary to overcome Rule 12(b)(6); therefore, she satisfies the third prong at this juncture of the proceedings. Having satisfied all three elements, Plaintiff's *McArn* claim survives Defendant's Motion to Dismiss [12]

### *IV.* *Conclusion*

For the reasons set forth above, Plaintiff's claim is facially plausible and above the speculative level required to survive dismissal under Rule 12(b)(6). The Court therefore finds Defendant Rehabilitation Centers, LLC's Motion to Dismiss [12] should be denied.

An order in accordance with this opinion shall issue this day.

THIS, the ⟋ day of November, 2025.

SENIOR U.S. DISTRICT JUDGE